IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:05-CR-163-FL
NO: 5:08-CV-319-FL

| DAVID HENDERSON | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Government's motion to dismiss Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255 [DE's 159 & 160][1]. Petitioner has responded to this motion [DE-162] and the matter is now ripe for adjudication. For the following reasons, it is HEREBY RECOMMENDED that the Government's motion to dismiss [DE-159] be GRANTED, and that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255 [DE-156] be DISMISSED.

Petitioner was indicted for being a felon in possession of a firearm in violation of 18

---

[1] Docket entry numbers correspond to case number 5:05-CR-163-FL.

1

U.S.C. §§ 922(g)(1) and 924 on June 15, 2005 [DE-1]. On February 24, 2006, Petitioner filed a motion which sought to suppress all statements made by Petitioner on or about March 13, 2005 [DE-20]. This motion was supplemented on March 29, 2006, when Petitioner moved the Court to suppress any and all evidence obtained during custodial interviews on March 13, 2005 and December 27, 2005 [DE-29]. A hearing on this motion was held before the undersigned on April 26, 2006 [DE-36]. On May 8, 2006, the undersigned recommended that Petitioner's motion to suppress be denied in all respects [DE-41]. That recommendation was adopted as the order of this Court on June 23, 2006 [DE-47]. Petitioner was indicted in a superseding indictment on August 2, 2006 [DE-54]. The superseding indictment added a second count charging Petitioner with knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 [DE-54]. Furthermore, the superseding indictment alleged that Petitioner had three previous convictions for violent felonies and for serious drug offenses [DE-54]. Another motion to suppress was filed by Petitioner on September 8, 2006 [DE-62]. This motion sought to suppress a pre-accusatorial identification of Petitioner [DE-62]. The motion was supplemented on October 19, 2006 [DE-81]. It was recommended by the undersigned that Petitioner's motion to suppress the identification be denied in all respects on November 9, 2006 [DE-91]. That recommendation was adopted as this Court's order on March 15, 2007 [DE-129].

Petitioner pled guilty pursuant to a signed Memorandum of Plea Agreement to knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 on March

22, 2007 [DE-138].[2] During the hearing in which Petitioner pled guilty, it was determined that a factual basis existed for Plaintiff's guilty plea and that the plea was freely and voluntarily entered [DE-138]. The Memorandum of Plea Agreement stated in pertinent part that:

> This Memorandum constitutes the full and complete record of the Plea Agreement . . . The Defendant agrees: To plead guilty to Count Two of the Superseding Indictment herein . . . To waive knowingly and expressly all rights . . . to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea . . . That the USA-EDNC will not further prosecute the defendant for conduct constituting the basis for the Superseding Indictment . . . [DE-139, pg. 1-8].

Petitioner was sentenced by this Court on July 18, 2007, to a 120-months' term of imprisonment [DE-153]. On July 14, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 [DE-156].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that a party can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To state a claim for relief under § 2255, a petitioner must prove that one of the following

---

[2] Count one of the superceding indictment was dismissed pursuant to this plea agreement.

3

occurred: 1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; 2) that "the court was without jurisdiction to impose such a sentence"; or 3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Petitioner bears the burden or proving grounds for a collateral attack by preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). Moreover, a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). A waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any §2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy-specifically, whether the district court questioned the defendant about the ... waiver-the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir.2005) (quoting United States v. General, 278 F.3d

389, 400 (4th Cir.2002)). Thus, the determination " 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Id.* (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992)).

Here, the record fully establishes that Petitioner knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a plea hearing was conducted on March 22, 2007 before the Honorable Louise W. Flanagan [DE-163]. During the plea colloquy, Petitioner indicated that he was 43 years old and had completed two years of college [DE-163, pg. 8]. Petitioner also indicated that he was not under the care of a doctor or a psychiatrist for any kind of problem [DE-163. pg. 8]. Likewise, Petitioner had not ingested any drugs, medicine or alcohol in the 24 hours prior to his Rule 11 hearing [DE-163. pg. 9]. Petitioner denied that anyone had made promises or assurances outside the written plea agreement to induce him to plead guilty [DE-163, pg. 15]. Furthermore, Petitioner indicated that he had ample time to discuss his case with his attorney and was fully satisfied with his attorney's services [DE-163, pg. 10]. All of the constitutional rights Petitioner would forfeit by pleading guilty were fully explained to him, and Petitioner indicated that he understood these explanations [DE-163, pg. 2-7, 11]. Similarly, Petitioner testified that he had read his written plea agreement and that he had signed it [DE-163, pg. 14]. Specifically, Petitioner indicated "Yes, we went through the whole – the whole thing: [DE-163, pg. 14-15]. He also stated that he had discussed the

5

written plea agreement with his attorney [DE-163, pg. 14]. Moreover, Petitioner noted that he understood that he was waiving valuable appellate rights [DE-163, pg. 15]. Finally, Petitioner specifically testified that he had been truthful in all his answers during his Rule 11 hearing [DE-163, pg. 17]. Accordingly, the undersigned makes a finding of fact that the waivers in The Memorandum of Plea Agreement [DE-139] were knowingly and voluntarily entered into by Petitioner.

In spite of these valid waivers, Petitioner's argues that his written plea agreement permits him to bring the instant claims because it specifically permits him to file a § 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea." [DE-139]. Specifically, the grounds raised by Petitioner in the instant motion can be summarized as follows: 1) the prosecutor allowed perjured testimony and introduced falsified documents during grand jury proceedings and at Petitioner's suppression hearing; 2) his counsel was ineffective by failing to impeach government witnesses at Petitioner's suppression hearing; 3) that counsel was ineffective by urging Petitioner to enter a guilty plea; 4) the prosecutor committed misconduct by destroying exculpatory evidence; and 5) the Government failed to honor an agreement on substantial assistance [DE-156]. The undersigned has reviewed these claims, and finds that they all fall within the scope of Petitioner's waiver of his right to bring a collateral challenge. The first four grounds all represent issues the Petitioner would have been aware of well before he entered his guilty plea. With regard to the fifth ground, Petitioner's written plea agreement constitutes the full and complete record of

6

Case 5:05-cr-00163-FL   Document 164   Filed 09/25/08   Page 6 of 7

Petitioner's guilty plea and it contains no mention that the Government promised to move for a sentencing reduction based on substantial assistance. [DE-139]. In addition, each of these claims contradict Petitioners sworn statements during his Rule 11 colloquy. Moreover, none of these claims are within the narrow class of claims the Fourth Circuit has distinguished as falling outside the scope of an enforceable waiver of direct appeal rights. *See* Attar, 38 F.3d at 732-33.

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's motion to dismiss [DE-159] be GRANTED, and that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255 [DE-156] be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 25th day of September, 2008.

_____
William A. Webb
U.S. Magistrate Judge