IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-163-FL
NO. 5:08-CV-319-FL

| | | |
|---|---|---|
| DAVID HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE #164)[1] regarding petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE #156) and respondent United States of America's (hereinafter "government") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE #159). The magistrate judge recommends the court grant the government's motion and dismiss petitioner's action. Petitioner objects to the M&R. Also before the court is petitioner's motion, styled a "Motion to disclose fraud upon the Court and vacate judgment / Hazel Atlas motion and incorporated memorandum of law" (DE #173), to which petitioner has filed two supplements (DE ##174, 177). The issues raised are ripe for ruling.

BACKGROUND

On March 22, 2007, petitioner pleaded guilty, pursuant to a signed Memorandum of Plea Agreement, to knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j), 924. At

---

[1] Docket entry numbers correspond to case number 5:05-CR-163-FL.

the change of plea hearing, the undersigned found that petitioner was competent to enter a plea, that a factual basis existed to support petitioner's guilty plea, and that the plea was freely and voluntarily entered. The court also discussed the plea agreement with petitioner, and petitioner confirmed, under oath, that he had read and understood all of its provisions, including its waivers. The Memorandum of Plea Agreement provided, in pertinent part, that:

> This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein. . . . The defendant agrees: To plead guilty to Count Two of the Superseding Indictment herein . . . To waive knowingly and expressly all rights . . . to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea . . .

(DE #139.) Petitioner was sentenced on July 18, 2007 to a term of 120 months of imprisonment. (DE #153.)

On July 14, 2008, petitioner timely filed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on various grounds, including that (1) the prosecutor allowed perjured testimony and introduced falsified documents during grand jury proceedings and at petitioner's suppression hearing; (2) petitioner's counsel was ineffective for failing to impeach government witnesses at the suppression hearing; (3) petitioner's counsel was ineffective for urging petitioner to enter a guilty plea; (4) the prosecutor committed misconduct by withholding or destroying exculpatory evidence; and (5) the government failed to honor an agreement on substantial assistance. (DE #156.) The government moved to dismiss petitioner's § 2255 action, arguing that petitioner's claims are precluded by his collateral plea agreement waivers. Petitioner filed a lengthy memorandum in opposition, and the court referred the matter to the magistrate judge, who, through

M&R entered September 25, 2008, recommends granting the government's motion and dismissing petitioner's action. Petitioner thereafter filed an "Affidavit Alleging Bias and Memorandum of Law" (DE #168), an "Amended Affidavit Alleging Bias of U.S. Magistrate Judge William A. Webb and Supplemental Motion for Objections to Magistrate's Recommendation" (DE #170), and an eighty-page document styled as an objection to the M&R (DE #171). Although they were filed after the period for making objection had expired, the court construes these filings together as objections to the M&R.[2]

On March 2, 2009, petitioner filed a motion, styled a "Motion to disclose fraud upon the Court and vacate judgment / Hazel Atlas motion and incorporated memorandum of law" (DE #173), in which petitioner argues that his conviction should be vacated based on various allegedly falsified investigation reports and perjured testimony amounting to fraud upon the court. Petitioner twice has purported to supplement this motion with additional filings. (DE ##174, 177).

## DISCUSSION

### I. Petitioner's 28 U.S.C. § 2255 Motion

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the

---

[2] Petitioner indicates through letter to the court (DE #169) that he was not served with the M&R and attached Notice for Objections until November 26, 2008, after the time for making objection had expired. Accepting as true this contention, petitioner thereafter had until December 11, 2008 to file objection. It appears from the docket that the three filings detailed above were each mailed on or before December 11, 2008, and the court accordingly construes them as timely objections to the M&R and considers them in reaching its decision.

3

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

As an initial matter, the court rejects petitioner's argument that the magistrate judge is biased against him because the magistrate judge presided over a suppression hearing and various pre-trial matters in petitioner's criminal prosecution. Recusal of a judge is governed by 28 U.S.C. § 455, which provides for recusal where the judge's "impartiality might reasonably be questioned," where the judge has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," where the judge had been involved with the matter in controversy as a private or government practitioner, where the judge has a financial interest in the matter, or where there is a familial relationship affecting the matter. Id. None of these circumstances are present in the instant case.

Petitioner offers no support for his argument that the motion should be referred to a different magistrate judge, other than the magistrate judge's recommendations that petitioner's motions to suppress in the criminal case be denied, and the magistrate's recommendation that petitioner's § 2255 action be dismissed without hearing. Previous adverse rulings against a party do not constitute adequate grounds for recusal. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (holding that the alleged bias must be personal in nature, and not merely arising out of litigation). Accordingly, petitioner's objection on the basis of bias by the magistrate judge is overruled.[3]

The court now turns to the government's argument that petitioner, in his plea agreement,

---

[3] Petitioner also objects that the magistrate judge has failed to adequately set out the contested facts for this court's review. This court has reviewed the record, including petitioner's most recent filings, and finds this objection to be without merit. The undersigned, as sentencing judge, recalls the proceedings in this matter, and the M&R adequately sets forth the facts and procedural history relevant to decision on the pending motions.

4

waived the right to bring the claims asserted in the § 2255 motion. A criminal defendant may waive his right to appeal as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A defendant may also waive his right under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary, and the issue being appealed or raised in the collateral attack is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

There can be no doubt that petitioner voluntarily entered the plea agreement. At petitioner's change of plea hearing on March 22, 2007, the court conducted a Rule 11 inquiry and found that petitioner was competent, that he had a full and complete understanding of the nature of the charge and the punishment he faced, that a sound factual basis existed to support the guilty plea, and that petitioner's plea was, in fact, freely and voluntarily entered. Petitioner testified that he had reviewed the plea agreement with his attorney and that he understood its provisions. The court specifically questioned petitioner about the waiver provisions, and petitioner indicated that he understood he was waiving valuable appellate rights. Accordingly, the court finds that petitioner's agreement to the plea agreement waivers was knowing and voluntary.

The court further finds that the eight grounds asserted by petitioner in his § 2255 action fall within the scope of his plea agreement waiver, or are otherwise barred. As noted above, petitioner agreed to waive all rights to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to defendant at the time of the guilty plea. Grounds one through four involve allegations that the prosecutor allowed perjured testimony

5

and falsified documents to be presented by law enforcement officers Charles Rosa, M.K. Mitchell, and Mike Fanelly during grand jury proceedings and a suppression hearing held months before petitioner entered a guilty plea. At the April 26, 2006 suppression hearing at the core of petitioner's complaints, petitioner was present when the evidence he now contends was perjured and falsified was presented. Petitioner testified at the suppression hearing and denied many of the facts asserted by the law enforcement witnesses. As such, petitioner can not now claim that he was unaware of the testimony at the time of his guilty plea. Accordingly, the court agrees with the magistrate judge that grounds one through four represent issues petitioner was aware of well before he entered his guilty plea, and that they thus fall within the scope of petitioner's waiver of his right to bring a collateral challenge.

The fifth ground asserted in petitioner's § 2255 motion relates to the alleged failure by petitioner's second attorney, James M. Ayers, II, to impeach the government's witnesses at the suppression hearing, to investigate and interview potential exculpatory witnesses, and to request a continuance to allow for investigation critical to the outcome of the suppression hearing. These issues, too, were raised months before petitioner's guilty plea and fall clearly within the scope of petitioner's plea agreement waiver. Ground five must be dismissed.

Petitioner asserts in his sixth ground that his third attorney, George M. Oliver, was ineffective for advising petitioner to enter a guilty plea on the promise that the prosecutor would move for a sentence reduction for substantial assistance. Similarly, petitioner asserts in his eighth ground that the government failed to honor its promise to move for a reduction based on substantial assistance if petitioner pleaded guilty. As previously discussed, petitioner knowingly and voluntarily entered a plea of guilty pursuant to a plea agreement. The written plea agreement constitutes the full and

6

complete record of petitioner's agreement with the government. At the change of plea hearing, petitioner testified that he was fully satisfied with his attorney's services and that no one had made any additional or different promises or assurances to him in an effort to make him plead guilty. He further testified that his answers to the court were honest and truthful.

Absent clear and convincing evidence to the contrary, a defendant is bound by statements made at a plea hearing, and such representations can present formidable barriers to post-conviction relief. See Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Such extraordinary circumstances are not present here. See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (noting that the allegation, commonly asserted in § 2255 motions, that a petitioner was induced to plead guilty by a promise from the prosecutor does not constitute extraordinary circumstances warranting an evidentiary hearing). Accordingly, the petitioner's motion must be dismissed as to these grounds as well.

In the seventh ground asserted in petitioner's § 2255 motion, petitioner alleges that the prosecutor allowed law enforcement officers to destroy certain exculpatory evidence, namely, video surveillance footage from a gas station. Petitioner has provided no factual basis for this allegation. "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (abrogated on other grounds); see also United States v. Thomas, 221 F.3d 430, 437 (3rd Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court"); United

7

States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (holding that conclusory allegations, unsupported by specific facts, do not support a claim for relief under § 2255). Even had petitioner provided some factual basis for this assertion, the seventh ground would nonetheless be barred by the waiver in petitioner's plea agreement. Petitioner asserts that on February 15, 2006, the prosecutor told his attorney that no such video tape was in evidence. Accordingly, this is an issue that petitioner was, or should have been, aware of prior to entry of his guilty plea, and one that falls within the scope of the waiver of his right to collaterally attack his conviction.

Because each of the grounds asserted in petitioner's § 2255 motion falls within the scope of his waiver of the right to bring a collateral attack on his conviction, or patently contradicts his sworn testimony at the time he entered his guilty plea, petitioner's § 2255 motion must be dismissed without evidentiary hearing.

II. Petitioner's Motion to Disclose Fraud Upon the Court

Petitioner has filed a lengthy motion, which he has supplemented twice, asserting that he is entitled to relief from his criminal judgment because he can establish that his judgment was obtained based on fraud upon the court. Citing to the Supreme Court case of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), petitioner purportedly asserts that the motion is an independent action separate and apart from his motion pursuant to § 2255.

Federal courts possess the inherent authority to, among other things, vacate a judgment procured through fraud upon the court. See United States v. Moussaoui, 483 F.3d 220, 236-37 (4th Cir. 2007)(citing Hazel-Atlas). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). A plaintiff in a Hazel-Atlas motion must prove by clear and convincing evidence the existence of a

8

"deliberately planned and carefully executed scheme to defraud" the court. Hazel-Atlas, 322 U.S. at 245-46. Relief is granted in only the "most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir.1982).

In the instant case, petitioner alleges that the government conspired with law enforcement officers to produce perjured testimony and falsified documents during grand jury proceedings and at petitioner's suppression hearing. These allegations closely resemble those raised in petitioner's § 2255 motion. A review of the record reveals that petitioner's allegation of intentional fraud is unsubstantiated, and petitioner falls far short of providing the clear and convincing evidence necessary to establish a Hazel-Atlas claim. Accordingly, petitioner's Hazel-Atlas motion is DENIED.

## CONCLUSION

Upon *de novo* review and for the reasons discussed herein, the court hereby ADOPTS the recommendation of the magistrate judge as its own. Accordingly, the government's motion to dismiss is GRANTED (DE #159), and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE #156) is DENIED. Petitioner's motion to disclose fraud upon the court (DE #173) is DENIED, along with supplements thereto (DE #174,177). Any other motions are DENIED as MOOT. The clerk is directed to close this case.

SO ORDERED, this the 3rd day of June, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge